PERRY *v.* DUNCAN.

5-86                                       258 S. W. 2d 560

Opinion delivered May 18, 1953.

Rehearing denied June 22, 1953.

*U. A. Gentry,* for appellant.

*Barber, Henry & Thurman,* for appellee.

J. SEABORN HOLT, J. May 21, 1952, appellant, C. E. Perry, purchased from Lyman Duncan, operating as Duncan Auto Sales, an automobile on a credit or time payment plan. He signed a conditional sales contract, which provided that the sale was made to Perry "for a total time price of $2,817.98." It appears undisputed

that this contract was completely filled out at the time and that Perry understood its provisions. Not only did he so testify, in effect, but so did his wife who was with him at the time. The contract showed an allowance of $1,000 with the deferred balance of $1,817.98 to be paid in five monthly installments of $25 each, one installment of $600, then eleven $25 installments and a final installment of $817.98.

Perry says: "It is true that an automobile was sold, but it was sold at a quoted price of $2,250. No other price was quoted to the purchaser. It is true that credit was extended, which entailed the payment of more than $2,250. . . . The dealer made no credit price to appellant."

Appellees argue that this was a bona fide sale of an automobile on a credit, or time price, rather than for cash and that the purchaser, Perry, signed and executed this completed contract for an amount in excess of the cash price quoted.

The trial court by its decree declared the sales contract void for usury and relieved Perry of any liability insofar as said contract obligated him to pay money and at the same time held the contract valid in its terms whereby title to the automobile in question was retained by the seller, appellee, or his assignee.

Both parties have appealed, appellee, Duncan, from that part of the decree declaring the sale contract usurious, and appellant, Perry, from that part of the decree that found that the usurious charge did not void the contract.

Perry stoutly insists that the case of *Schuck* v. *Murdock Acceptance Corporation*, 220 Ark. 56, 247 S. W. 2d 1, is conclusive of this controversy, and appellee argues that *Hare* v. *General Contract Corporation*, 220 Ark. 601, 249 S. W. 2d 973, is controlling.

This case is controlled by *Crisco* v. *Murdock Acceptance Corporation*, 222 Ark. 127, 258 S. W. 2d 551, and in accordance with the rule there announced, we hold that the contract here is valid. It therefore becomes

unnecessary to determine whether title to the automobile remains in the seller, since that question is now moot.

Accordingly, that part of the decree declaring the contract usurious and void is reversed and the cause is remanded with directions to enter a decree consistent with this opinion.